UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEIGH ANN HARVEY                                                                                    PLAINTIFF

v.                                                                         CIVIL ACTION NO. 3:09CV-122-S

UNITED STATES OF AMERICA                                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiff, Leigh Ann Harvey, for leave to file an amended complaint (DN 18). She filed an administrative claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675(a), on December 8, 2003. She stated the basis of her claim as:

> Thyroidectomy performed on 3/30/00 resulted in damage of my parathyroid glands, with the result that I no longer produce enough calcium. I was told by the surgeon that the parathyroid glands would start functioning again, but they didn't. I sought medical help for the problem many times, always being told that the situation would improve. A variety of treatment regimens were attempted to restore normal activity of the parathyroid glands, but they were unsuccessful. I developed a mass in my throat, for which I had surgery in March, 2003. It was unsuccessful. It was discovered the original surgeon had left thyroid tissue and surgical clips in my neck. The retained objects were removed, along with the residual thyroid tissue.

She identified the date of injury as "3/30/00-3/03." Harvey received treatment at Ireland Army Community Hospital in Fort Knox, Kentucky, a federal enclave. The United States Army did not act upon Harvey's administrative claim. Harvey then timely filed this action.

A Rule 16 scheduling conference was held on August 7, 2009. On January 14, 2010, deadlines were extended to include:

1. Completion of discovery by September 30, 2010.

2. Expert reports by March 18, 2010 (plaintiff) and May 18, 2010 (defendant).

3. Joinder of parties or amendment of pleadings by April 12, 2010.

The motion for leave to amend was therefore timely filed on March 29, 2010.[1]

The real issue, however, is whether the allegation which Harvey seeks to add by way of amendment is a new and heretofore unrecited claim. The United States contends that Harvey's new claims are barred as she did not exhaust her administrative remedies. It contends that the claims were not asserted in the administrative claim. The United States argues that it had no notice and therefore Harvey is precluded from expanding her claims at this late date.

Harvey's original complaint alleges that "Plaintiff Leigh Ann Harvey brings this action as a result of negligent treatment she received from Dr. Mark Mount at Ireland Army Hospital on or before March 30, 2000." Complaint, ¶ 8. She describes that

> On March 30, 2000...Harvey underwent a thyroidectomy...On March 20, 2003 in a surgery to remove a thyroid goiter, Plaintiff...discovered that Dr. Mark Mount ...left surgical clips in her neck and Dr. Mount had removed and/or so severely damaged her parathyroid glands causing the parathyroid glands to become completely dysfunctional...

Complaint, ¶ 10. By way of amendment, Harvey now seeks to assert that "[t]he negligence of Dr. Mark Mount includes the failure to properly evaluate Leigh Ann Harvey's symptoms, the failure to do proper and appropriate testing prior to performing the surgery on March 30, 2000, and the performance of the surgery on March 30, 2000, without proper indications." Proposed Amended Complaint, ¶ 11.

While leave to amend should be freely granted when justice so requires (Fed.R.Civ.P. 15(a)(2)), such a motion should be denied when the proposed amendment would be futile. *See, Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005).

---

[1] The United States makes much of the fact that the thyroid surgery was performed in 2000, and the plaintiff is just now amending her complaint to alter the contours of her claim. There is no contention that the plaintiff was dilatory in filing the action in this court, however, so the objection has no teeth.

Pursuant to 28 U.S.C. § 2401(b), "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." As stated in *Adams v. United States*, 2008 WL 5428063 (N.D.Ohio Dec. 30, 2008),[2]

> Exhaustion of administrative remedies is a jurisdictional prerequisite to filing suit. *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997). A plaintiff may not include a new claim in a district court complaint which was not presented in the administrative claim. *Thompson v. United States*, 8 Fed.Appx. 547, 548 (6th Cir. 2001); *see e.g. Mills v. United States*, 127 F.3d 1102 (6th Cir. 1997). "In order to enable an agency to investigate, an administrative claim must include facts on which a cause of action is later based in a district court." *Hartwig v. United States*, 80 F.Supp.2d 765, 777 (N.D. Ohio 1999)(citing *Deloria v. Veterans Admin.*, 927 F.2d 1009, 1011-1012 (7th Cir. 1991); *Dundon v. United States*, 559 F.Supp. 469, 476 (E.D.N.Y. 1983)(A plaintiff cannot "present one claim to the agency and then maintain suit on the basis of a different set of facts."))...
>
> The Seventh Circuit followed *Bush* [*v. United States,* 703 F.2d 491 (11th Cir. 1983)] in an opinion written by Honorable Chief Judge Richard Posner. *Murrey v. United States*, 73 F.3d 1448, 1451 (7th Cir. 1996). The *Murrey* court concluded that although informed consent is a species of negligence, "to base a suit on lack of informed consent [a plaintiff] was required to include, or at least allude to, the issue of informed consent in the administrative claim." *Id.* The Ninth Circuit, weighing *Murrey, Frantz, and Bush*, concluded that because the broad rule of *Frantz* may give inadequate respect to the values of fair notice, that some notice of an informed consent claim must be included in a claimant's administrative claim. *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002). This Court is persuaded by the Seventh, Eleventh, and Ninth Circuits. In doing so, it does not conclude that any particular terms of art must be included to preserve the claim. Rather "the administrative claim must narrate facts from which a legally trained reader would infer a failure to obtain informed consent." *Murrey*, 73 F.3d at 1453.

*Id.*, at *4-*5. The court found in *Adams* that, as the administrative claim made no mention of the newly-raised theory of liability, the Veterans Administration was not put on notice of the claim and the claim was therefore barred.

We find the same rationale to be applicable to this case. Harvey's administrative claim focused exclusively on the thyroidectomy performed on March 30, 2000. There was no mention of any impropriety occurring at any time prior to the surgery. Harvey urges that she was "not required to provide the agency with a preview of [her] lawsuit by reciting every possible theory of recovery

---

[2]There appears to be no binding authority on this point in the Sixth Circuit.

on every factual detail that might be relevant," *quoting Sheptin v. United States*, 2000 WL 1788512, *3 (N.D.Ill. Dec. 5. 2000). She asserts that any reasonable investigation into a thyroidectomy that caused injury to a patient would include a review of that patient's pre-operative care. Reply, p. 5. Harvey fails to quote further from the *Sheptin* case upon which she relies which states:

> But the claim " 'must do more than cause the government to sift through the record. Rather, notice must be sufficiently detailed so that the United States can evaluate its exposure as far as liability is concerned. Therefore, in addition to requiring a sum certain, a claimant must provide a sufficient factual predicate so that his claim can be investigated." ' Drew, 217 F.3d at 198[3] (quoting Richland-Lexington Airport District v. Atlas Properties, Inc., 854 F.Supp. 400, 412 (D.S.C.1994)) (internal quotations omitted).
>
> None of the allegations listed above involves the types of things that the BOP would be expected to uncover in investigating Sheptin's claim involving his medical care for his liver and heart conditions. They involve ailments, injuries, and types of alleged misconduct that differ significantly from the matters that were included in the administrative claim. Sheptin may not seek damages in this case based upon any of these alleged wrongs.

In responses to interrogatories provided as recently as October 15, 2009, Harvey's claim remained limited specifically to Dr. Mount's performance of the surgery on March 30, 2000. *See,* Response to Defendant's First Set of Interrogatories, ¶ 6. At no time was there any suggestion that Harvey took issue with any pre-operative events until the present motion seeking leave to file an amended complaint. While the United States may have reviewed the records of Harvey's pre-operative care, there was no "factual predicate" in the administrative claim which would have put the United States on notice to evaluate its potential liability in regard to any event occurring before March 30, 2000. As in *Adams,* the newly identified claims differ significantly from the administrative claim. In the administrative claim Harvey particularly recounted the events of the surgery which allegedly caused her injury. Unlike the administrative claim in *Goodman v. United States*, 298 F.3d 1048 (9th Cir. 2002) in which the factual allegations were broad enough to

---

[3]The *Drew* case was vacated on a motion for rehearing *en banc* by the Fourth Circuit.

encompass the newly-stated claim for liability, no claim other than the "[t]hyroidectomy performed on 3/30/00" was identified for the administrative agency.

Therefore, we conclude based upon the foregoing analysis that Harvey failed to exhaust her administrative remedies with respect to claims for events occurring prior to the surgery, including failure to properly evaluate symptoms, insufficient testing, and contra-indicated decision to perform surgery. These claims are time-barred under 28 U.S.C. § 2401(b) and therefore may not be brought in this action. **IT IS HEREBY ORDERED AND ADJUDGED** that the motion for leave to file an amended complaint (DN 18) is **DENIED.**

**IT IS SO ORDERED.**