UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

LEIGH ANN HARVEY                                                  PLAINTIFF

v.                                CIVIL ACTION NO. 3:09CV-122-S

UNITED STATES OF AMERICA                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, United States of America, for an order *in limine* precluding evidence of medical bills payed by TRICARE[1] from the trial of this Federal Tort Claims Act ("FTCA") action.

The plaintiff, Leigh Ann Harvey, the spouse of an active duty service member, received medical treatment at Ireland Army Medical Center at Fort Knox, Kentucky. She alleges medical malpractice in the treatment she received.

The United States seeks to preclude the introduction of medical bills which have been satisfied by TRICARE payments which, as is customary, were by agreement for less than the amounts billed. The United States urges that TRICARE payments are not collateral source payments, and, as such, Harvey is precluded from recovering the difference between the amount billed for her medical care and the amount accepted by the providers from TRICARE in satisfaction of the charges. Harvey admittedly seeks this windfall. Additionally, she contends that the medical

---

[1] TRICARE is the health care program for active duty military personnel. The program's predecessor was known as CHAMPUS.

bills are admissible to prove future medical expenses and damages for past and future pain and suffering.

The court must look to the law of Kentucky in addressing the application of the collateral source rule, as it is a substantive rule of law. *Jackson v. City of Cookeville*, 31 F.3d 1354, 1359 (6th Cir. 1994).

There appears to be no authority from the Kentucky courts or from the Sixth Circuit applying Kentucky law which addresses whether TRICARE payments are collateral to the United States.

The weight of authority from other jurisdictions favors the conclusion thatTRICARE payments for past medical expenses are not collateral payments as to the United States. These payments may be proven by the United States in an FTCA case to offset a claim for costs which were not borne by the plaintiff. *See, Brooks v. United States*, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949)(the court noted in *dictum* that it would seem incongruous if the United States should have to pay twice for hospital expenses); *Mays v. United States*, 806 F.2d 976 (10th Cir. 1986)(CHAMPUS benefits not collateral, as payments come exclusively from the general revenues of the United States); *Kornegay v. United States*, 929 F.Supp. 219 (E.D.Va. 1996); *McDonald v. United States*, 900 F.Supp. 483 (M.D.Ga. 1995); *Lozada v. United States*, 140 F.R.D. 404 (D.Neb.), *affm'd*, 974 F.2d 886 (8th Cir. 1992); *Kennedy v. United States*, 750 F.Supp. 206 (W.D.La. 1990);*Anderson v. United States*, 731 F.Supp. 391 (D.NH. 1990); *But see*, *Murphy v. United States*, 836 F.Supp. 350 (E.D.Va. 1993); *Mooney v. United States*, 619 F.Supp 1525 (D.NH. 1985).

This court finds the analysis in *Mays v. United States, supra.* and others to be sound. TRICARE payments which have already been made for Harvey's benefit are not collateral payments

as to the United States. The purpose of Kentucky's collateral source rule is not contravened by our ruling because no windfall will result for any party. To the extent that Harvey has accepted TRICARE benefits, and her medical bills have been satisfied by TRICARE, she may not recover further for those medical costs.

There is some authority that the collateral source rule does not preclude recovery of future damages. In *Molzof v. United States*, 6 F.3d 461, 468 (7th Cir. 1993), the United States Court of Appeals for the Seventh Circuit determined that "we share the reluctance of other courts addressing this issue to deny the plaintiff the freedom to choose his medical provider and, in effect, to compel him to undergo treatment from his tortfeasor." The court in *Molzof* quotes from *Feeley v. United States*, 337 F.2d 924 (3d Cir. 1964): "To force a plaintiff to choose between accepting public aid or bearing the expense of rehabilitation is an unreasonable choice." *See also*, *Ulrich v. Veterans Administration Hospital*, 853 F.2d 1078 (2d Cir. 1988); *Powers v. United States*, 589 F.Supp. 1084 (D.C.Conn. 1984); *Christopher v. United States*, 237 F.Supp. 787 (E.D.Pa. 1965). These cases involved entitlement to Veterans Administration benefits. The United States Court of Appeals for the Tenth Circuit in *Mays v. United States*, 806 F.2d 976 (10th Cir. 1986) analogized CHAMPUS benefits to veterans benefits in concluding that the recipient's service could not be considered a contribution toward the benefit.

A number of courts have held as a general proposition that damages for medical expenses may be offset by CHAMPUS benefits. These courts did not draw a distinction between past and future CHAMPUS benefits or expenses.

In *Dempsey v. United States*, 32 F.3d 1490 (11th Cir. 1994), the availability of the offset was presumed, as it was not contested by the parties. The issue before the court was whether the United

States had adduced sufficient evidence to establish entitlement to the offset. The United States Court of Appeals for the Eleventh Circuit stated in a footnote, citing *Mays*, that the question of the availability of an offset of future damages was one of first impression in the circuit, the resolution of which would be left for another day. The court deciding *Lazoda v. United States*, 140 F.R.D. 404 (D.Neb.), *affm'd*, 974 F.2d 886 (8th Cir. 1992) also relied upon *Mays* in its decision.

In the *Mays* case itself, the United States Court of Appeals for the Tenth Circuit did not draw a distinction between past and future CHAMPUS benefits, and did not address the issue of restriction on choice of future medical services, a significant question in this court's view.

In *United States v. Feeley*, *supra.,* the court concluded that past medical expenses incurred by the plaintiff and paid by CHAMPUS could not be recovered from the government defendant. The court reasoned that CHAMPUS was not a collateral source, the funds for CHAMPUS benefits being drawn from the general treasury of the United States. The court reached a different result with respect to the recovery of damages for future medical expenses. We quote here at some length from the reasoning of the Third Circuit:

> The district court awarded the plaintiff Twelve Thousand Dollars ($12,000) for future psychiatric medical expenses. 220 F.Supp. at 720. The government argues that this was error because the plaintiff's past practice of employing the free government hospital and medical facilities indicate that he will do so in the future. Therefore the government will be forced to pay twice for this future care, which it is not required to do under the principles which precluded recovery for the past free hospital care. However, acceptance of the government's position would result in forcing the plaintiff, financially speaking, to seek only the available public assistance. Private medical care would be obtained at the plaintiff's own expense. We think that this is an unconscionable burden to place on the plaintiff. A victim of another's tort is entitled, we think, to choose within reasonable limits, his own doctor and place of confinement, if such care is necessary...The plaintiff's past use of the government facilities does not ensure his future use of them. He will now have the funds available to him to enable him to seek private care. He should not be denied this opportunity. It is true that if the plaintiff should decide to seek care from the Veterans' Administration, the defendant may well be paying twice for the same element of damages. However, this is dependant on whether the government can

>refuse to render free care. This factor, however, should not be a consideration in awarding damages under the Federal Tort Claims Act, but rather is a policy judgment to be made in the administration of veterans' benefits.

*Feeley*, 337 F.2d at 934.

We will apply the same rule with respect to past and future medical expenses.

We find that the concerns of the *Feeley* and *Molzof* courts can be adequately addressed through testimony which may be offered by the plaintiff on the issue. The court does not have any information whether and to what extent Harvey may be entitled to TRICARE benefits in the future, nor whether she wishes to avail herself of such benefits. The United States may establish that these benefits would continue to be available. The plaintiff may, in turn, establish unavailability, inadequacy, or disinclination to utilize the facilities and benefits available for future care. All of these considerations would play a role in making an award of future damages, if such an award should be appropriate.[2]

It is clear that, under Kentucky law, Harvey's medical bills are admissible to "aid the jury in determining the appropriate amount of damages for pain and suffering." *Dennis v. Fulkerson, M.D.*, 343 S.W.3d 633, 638 (Ky.App. 2011), *citing Beckner v. Palmore*, 719 We S.W.2d 288 (Ky.App. 1986).

We reject out of hand the United States assertion that this question as to proof of damages is a procedural one. The case of *Arpin v. United States*, 521 F.3d 769 (7th Cir. 2008) states that "in a suit under the Federal Tort Claims Act, as in a diversity suit, the damages rules of the state whose law governs the substantive issues in the case bind the federal court." *Id.* at 776.[3]

---

[2] Much of the preceding analysis has been taken *verbatim* from our earlier analysis of this issue in *Winston v. United States*, Civil Action No. 3:95CV-785-S.

[3] Additional cases cited by the United States arose under the Federal Employers' Liability Act ("FELA"), not the FTCA.

- 6 -

While there has been some comment concerning the wisdom of this rule in Kentucky, we must apply the law as we find it. *See, ie. Sadler v. Advanced Bionics, LLC* 3:11CV-450-H, DN 172.

Therefore, motion having been made and for the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the United States' motion *in limine* to exclude medical billing evidence at the trial of this matter is **GRANTED** only insofar as such evidence is offered to prove past medical expenses, because such expenses have been satisfied by TRICARE payments and thus are not recoverable by the plaintiff. The motion is **DENIED IN ALL OTHER RESPECTS.**

**IT IS SO ORDERED.**

June 12, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**